IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| QUARTEZ T. THOMAS, #291 355, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:16-CV-357-WHA |
| | ) | |
| ROBIN YOUNG, C/O, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

\* \* \* \* \* \*

| | | |
|---|---|---|
| QUARTEZ THOMAS, #291 355, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:16-CV-888-WHA |
| | ) | |
| ROBIN YOUNG, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## **RECOMMENDATION OF THE MAGISTRATE JUDGE**

On April 10, 2017, Plaintiff filed a motion to amend which the court construes as a motion to dismiss Defendant John Hudson as a party to the complaint. Upon review of the motion, the court concludes that it should be granted.

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. Plaintiff's April 10, 2017, motion, construed as a motion to dismiss Defendant John Hudson (Doc. 35), be GRANTED;

2. Defendant John Hudson be DISMISSED with prejudice as a party to this complaint; and

3. This case, with respect to the remaining defendants, be referred back to the undersigned for additional proceedings.

It is further

ORDERED that **on or before May 2, 2017**, the parties may file an objection to the Recommendation. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made. Frivolous, conclusive, or general objections to the Recommendation will not be considered.

Failure to file a written objection to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE, on this the 18th day of April, 2017.

/s/ Susan Russ Walker
Susan Russ Walker
United States Magistrate Judge